**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bernice Nelson, | No. CV-17-08165-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Office of Navajo and Hopi Indian Relocation, | |
| Defendant. | |

Pending before the Court is Defendant's Office of Navajo and Hopi Indian Relocation ("OHNIR") Motion to Dismiss Count II of Plaintiff Bernice Nelson's ("Plaintiff") Complaint. (Doc. 14). Plaintiff has filed a Response (Doc. 15) and Defendant has filed a Reply. (Doc. 19). Defendant asserts that this Court lacks subject matter jurisdiction over Count II of Plaintiff's Complaint because she failed to exhaust her administrative remedies for claims asserted therein. (Doc 14 at 2). The Court agrees.

**I.    BACKGROUND**[1]

Plaintiff applied for Relocation Benefits on July 25, 2005 and ONHIR denied her application on December 20, 2005. (*Id*. at 3). Plaintiff appealed the denial of her application. (*Id*.) An independent hearing officer was assigned and a hearing was set for January 10, 2006. That deadline was extended on multiple occasions, predominantly

---

[1] For purposes of this Order, the Court presumes the parties familiarity with the history of the Navajo-Hopi Land Settlement Act, the Navajo and Hopi Indian Relocation Commission, ONHIR, and its attendant responsibilities, thus they need not be repeated here. *See Bahe v. Navajo & Hopi Indian Relocation*, No. CV-17-08019-PCT-DLR(D. Ariz. Dec. 28, 2017); *George v. Office of Navajo and Hopi Indian Relocation* CV-17-08200-PCT-DLR; *Tso v. Office of Navajo and Hopi Indian Relocation*, CV-17-08183.

based upon Plaintiff's request. (AR 96, 97, 101, 111). A hearing was ultimately held on Dec 7, 2012. (AR 115-161). The hearing officer found that Plaintiff was not eligible for relocation benefits. (AR 182). Plaintiff seeks review of that decision. Included in Plaintiff's complaint at Count II is an allegation that, in the application and review process, Defendant ONHIR breached its fiduciary duty to Plaintiff.

**II. Subject-Matter Jurisdiction**

ONHRH moves to dismiss Plaintiff's allegations in Count II of her Complaint pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. (Doc. 14). The burden of proof is on the party asserting jurisdiction to show that the court has subject matter jurisdiction. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). However, even in the absence of a challenge from any party, courts "have an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Because motions pursuant to Rule 12(b)(1) challenge a court's power to adjudicate a case, the Court must address this issue first. *See United States v. Cotton*, 535 U.S. 625, 630 (2002).

Notably, Plaintiff invokes the Administrative Procedures Act ("APA") as a basis for this Court's jurisdiction over her case. (Doc. 1 at 4; ¶ 12)("[t]his Court has jurisdiction over this action pursuant to . . . 5 U.S.C. § 701 et seq., and the Settlement Act, . . ."). Thus, this Court's review of the ONHIR decision is governed by the APA. *Earth Island Inst. v. U.S. Forest Service,* 697 F.3d 1010, 1013 (9th Cir. 2012); *Oregon Natural Desert Ass'n v. Bureau of Land Management*, 625 F.3d 1092, 1109 (9th Cir. 2008). The APA provides that a reviewing court must "hold unlawful and set aside agency action, findings, and conclusions found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . ." or "(D) without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (D). A district court's "[r]eview under the arbitrary and capricious standard is narrow, and we do not substitute our judgment for that of the agency." *Earth Island Inst.*, 697 F.3d at 1013 (internal quotations and citations omitted).

This highly deferential standard mandates that an agency's decision be set aside "only if the agency relied on factors Congress did not intend it to consider, entirely failed to consider an important aspect of the problem, or offered an explanation that runs counter to the evidence before [it] or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *The Lands Council v. McNair,* 537 F.3d 981, 987 (9th Cir. 2008) (en banc) (citations and internal quotations omitted) (*overruled on other grounds by American Trucking Ass'ns Inc. v City of Los Angeles,* 559 F.3d 1046, 1052 (9th Cir. 2009)). It is axiomatic that applying the APA's standard of review to a contested issue requires that the administrative record be fully developed. In other words, a court may not rule on an issue not previously raised or ruled upon because it would not be part of the final agency action. *See* 5 U.S.C. § 704; 25 C.F.R.; *Reid v. Engen*, 765 F.2d 1475, 1460 (9th Cir. 1985).

### III. Analysis

In Count II, Plaintiff broadly asserts that the ONHIR breached its fiduciary responsibility to Plaintiff. Plaintiff vaguely states "she first contacted ONHIR on March 13, 1992" and that ONHIR "did not accept an application from [her]." (Doc. 1 at ¶¶ 20 and 21). The record actually indicates that Plaintiff visited the ONHIR office "to inquire as to receiving relocation assistance benefits" not that an application was not accepted from her. (AR at 7). She then states that ONHIR accepted her application on July 25, 2005 after it opened a new opportunity for individuals to apply.[2] (Id. at ¶¶ 22 and 23). Ultimately, ONHIR denied her application for relocation benefits. (Id. at ¶ 24).[3]

Other than the aforementioned allegations a careful review of the administrative record shows that Plaintiff never raised breach of fiduciary duty during her application review and hearing stage, nor did she ask ONHIR to consider this issue. Rather, Plaintiff's allegation of a breach of fiduciary duty appears solely grounded in a February 2008 district court statement that ONHIR breached its fiduciary duty to relocation benefit

---

[2] Defendant objects to the Court's use of Plaintiff's Exh. 1. (Doc. 19 at 5, n.3). The Court sustains the objection and thus will not rely on statements made in that exhibit.
[3] This is the subject of Count I of Plaintiffs Complaint which is not discussed in this Order.

- 3 -

eligible individuals by failing to inform them of their potential eligibility and the subsequent reinstatement of eligibility requirements for those who submitted applications before 1986. (Doc. 1 at 6 ¶ 27 citing *Herbert v. ONHIR* CV-06-3014-PCT-NVW (D.Ariz. 2008). Therein, the district court analyzed ONHIR's failure to identify and inform Herbert as being potentially eligible for benefits, prior to the 1986 application deadline. The court determined, on a developed record, that ONHIR had information that Herbert lived on the Navajo Hopi Partitioned Lands ("NHPL") prior to 1986, therefore, it had an obligation to notify him of his potential eligibility for relocation benefits. Here, the administrative record contains no comparable allegation that ONHIR was aware that Plaintiff lived on the NHPL prior to 1985, and that ONHIR failed to inform her of her ability to apply. Consequently, the facts in *Herbert* are distinguishable from Plaintiff's case. Indeed, they undercut her Count II allegation in that *Herbert* was issued on a developed administrative record which is not present here.

Plaintiff also relies on *Darby v. Cisneros*, 113 S.Ct. 2539 (1993) to assert that requiring exhaustion of administrative remedies is not required by "statute or agency rule." (Doc. 15 at 5). But, as Defendant points out, *Darby* held that a claimant need not take *additional action* to exhaust remedies unless required by statute or regulation. *Darby*, 113 S.Ct. at 2545 (It would be inconsistent with the plain language of § 10(c) for courts to require litigants to exhaust optional appeals as well."). Moreover, *Darby* recognized the distinction between final agency action and exhaustion of administrative remedies. *Id*. at 2543. ("[T]he finality requirement is concerned with whether the initial decision maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury [.]"). Thus, because Plaintiff failed to develop the record on her Count II allegation, ONHIR was incapable of issuing a final agency decision on it.[4] Ironically, Defendant states that ONHIR offered Plaintiff an opportunity to voluntarily remand the

---

[4] Plaintiff alternatively urges the Court to apply the balancing test of *McCarthy v. Madigan*, 503 U.S. 140 (1992), to find that she did not violate prudential exhaustion requirements. (Doc. 15 at 6-7). Yet Plaintiff ignores that even prudential exhaustion requires some properly developed record. *See Noriega-Lopez v. Ashcroft,* 335 F.3d 874, 881 (9th Cir. 2003).

matter to permit her to create a proper record as to Count II. (Doc. 14 at 2 n.2). She refused that offer. (*Id.*) Thus, this Court lacks the ability to review a final agency determination where none exists. Count II of Plaintiff's complaint must therefore be dismissed.

Accordingly,

**IT IS ORDERED** granting Defendant's Motion to Dismiss Count II of Plaintiff's Complaint. (Doc. 14).

**IT IS FURTHER ORDERED** that Defendant shall answer Count I of Plaintiff's Complaint within 14 days of this Order.

Dated this 5th day of September, 2018.

Honorable Diane J. Humetewa
United States District Judge